————o————

No. 5823.

## JOSEPH L. ROLLING vs. ALPHONSE F .ZAMBELLI.

### Syllabus.

One cannot acquire by the prescription of ten years property not embraced within the deed upon which the plea of prescription is founded.

Appeal from the Civil District Court, Parish of Orleans, Division "B," No. 88,951. Hon. F. D. King, Judge.

O. S. Livaudais, J. R. Perez, for plaintiff and appellee.

L. P. Bryant, L. P. Bryant, Jr., for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

The sole defenses to this petitory action are the pleas of prescription of ten and of thirty years. As to the latter plea, founded upon possession alone, it may be disposed of with the statement that the proof is positive that

defendant and his authors have not been in possession for the required period of thirty years.

The property in dispute measures approximately ninety-five feet on Bayou St. John, 206 feet on the side bounded by the old Soldiers' Home, 210 feet on the side line adjoining defendant's property and 95 feet on the rear line adjacent to St. Louis Cemetery.

The deed under which defendant holds and which he claims embraces this property, describes the tract therein conveyed as measuring 416 feet on Bayou St. John, 210 feet on one side line, 377 feet on the other and 381 feet in the rear adjoining St. Louis Cemetery.

It will be noticed that the location of this property with reference to adjoining lots or proprietors is not given and that there is nothing on the face of this description to indicate that the tract conveyed either embraces the property in dispute or in fact adjoins the property of the old Soldiers' Home. On the contrary, if the measurement of the side line, namely, the one measuring 210 feet, is taken as indicative of the location of the tract, the boundary of defendant's property would not be the old Soldiers' Home but the side line of the property in dispute, which, as heretofore stated, has a depth of 210 feet to the cemetery or rear line.

Furthermore, there are two references in defendant's deed which establish beyond question that the tract conveyed to defendant does not and was not intended to embrace the property in dispute.

In the first place, the description in this deed is made with particular reference to a plan by Fremaux, which is attached thereto. This plan not only gives the measurements of all boundary lines, but likewise, according to the certificate of Fremaux appended thereto, purports to depict the buildings and improvements located upon the property and to fix their respective distances from the

side lines. Now, utilizing this plan of Fremaux in connection with the testimony showing the actual location of the buildings upon the property, it at once becomes perfectly evident that the defendant's boundary corresponds with the side line of 210 feet of the property in dispute and not with the boundary line of the Old Soldiers' Home, which latter property is about 100 feet more distant from these buildings than the plan indicates would be the case if the side line shown upon the plan was intended to be that of the Old Soldiers' Home. And the correctness of this conclusion is emphasized if the same process be applied in fixing the other side line.

Finally, the deed upon which defendant founds his defense refers also to the titles under which his authors claim; and if these were consulted in seeking to locate boundaries of the property which defendant acquired, they would have disclosed conclusively that defendant's deed has no reference whatever to the property in dispute.

Inasmuch as the deed upon which the plea of prescription is based does not describe and was not intended to embrace the property to which plaintiff asserts title, the plea was properly overruled, for one cannot acquire by the ten years' prescription property not embraced within the deed upon which the plea of prescription is based.

It is accordingly decreed that the judgment be affirmed.

Judgment affirmed.

Opinion and decree, May 19th, 1913.